UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| MICHEAL LYNN MERRIVAL, JR., <br><br> Petitioner, <br><br> vs. <br><br> ROBERT DOOLEY, WARDEN; AND MARTY JACKLEY, ATTORNEY GENERAL; <br><br> Respondents. | 5:17-CV-05026-JLV <br><br> REPORT AND RECOMMENDATION |

## INTRODUCTION

Petitioner, Micheal Lynn Merrival, Jr., is an inmate at the Pennington County Jail in Rapid City, South Dakota.  He has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket. 9).  Mr. Merrival's petition was referred to this magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the October 16, 2014, standing order of the Honorable Jeffrey L. Viken, Chief United States District Judge.

## FACTS

Mr. Merrival entered guilty pleas to two separate counts of grand theft in South Dakota state court.  Judgments were filed on January 26, 2016, indicating Mr. Merrival was sentenced to 10 years' imprisonment in case number 13-859 and 5 years' imprisonment in case number 14-3448.  Docket 9, att. 8 & 9. Mr. Merrival filed direct appeals of both convictions.  On January

17, 2017, the South Dakota Supreme Court affirmed his convictions.  See

Docket 2, att. 2 & 3.  Mr. Merrival, by his own admission, has not filed a state

habeas corpus petition.  See Docket 2, pg. 9.  This federal petition was filed on

April 11, 2017.

## DISCUSSION

### A. Rule 4 Review

Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The clerk must promptly forward the petition to a judge under the
> court's assignment procedure, and the judge must promptly
> examine it.  If it plainly appears from the petition and any attached
> exhibits that the petitioner is not entitled to relief in the district
> court, the judge must dismiss the petition and direct the clerk to
> notify the petitioner.  If the petition is not dismissed, the judge
> must order the respondent to file an answer, motion or other
> response within a fixed time, or to take other action the judge may
> order . . .

This Court's preliminary review, required by Rule 4, reveals that

Mr. Merrival's pending § 2254 petition is barred by his failure to exhaust state

remedies.

### B.    Mr. Merrival Has Failed To Exhaust His State Remedies

Mr. Merrival's § 2254 petition must be dismissed.  Federal review of

Mr. Merrival's claims is premature because they have not been exhausted at

the state level.

"[T]he exhaustion doctrine [of 28 U.S.C. § 2254] requires a state prisoner

to file for any available discretionary review in the state's highest court prior to

filing for federal habeas relief."  Clark v. Caspari, 274 F.3d 507, 510 (8th Cir.

2001).  "In other words, the state prisoner must give the state courts an

opportunity to act on his claims before he presents those claims to a federal

court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). "Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." Id. at 844.

In short, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." Id. at 845. "A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993).

South Dakota law provides Mr. Merrival an avenue for habeas corpus relief. See SDCL Chapter 21. South Dakota prisoners may file their petitions first in the state circuit court where their conviction occurred. See SDCL § 21-27-14.1. If the circuit denies habeas relief, the prisoner may appeal to the South Dakota Supreme Court if the circuit court issues a certificate of probable cause. See SDCL § 21-27-18.1. If the circuit court declines to issue a certificate of probable cause, the prisoner may file a separate motion with the South Dakota Supreme Court requesting the certificate of probable cause directly from the Supreme Court. Id.

As stated above, a petitioner seeking a writ of habeas corpus under § 2254 must first exhaust his available state remedies. 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 515 (1982). "The purpose of

3

exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." Mellott v. Purkett, 63 F.3d 781, 784 (8th Cir. 1995) (citation omitted). A strong presumption exists in favor of exhaustion and the requirement is waived "only in rare cases where exceptional circumstances of peculiar urgency are shown to exist." Mellott, 63 F.3d at 785. In Mellott, the Eighth Circuit found the prisoner's assertion of a seventeen-month delay in state court was not a circumstance which warranted waiver of the exhaustion requirement.

Mr. Merrival bears the burden to show all available state remedies have been exhausted, or that exceptional circumstances exist which warrant waiver of exhaustion. Carmichael v. White, 163 F.3d 1044, 1045 (8th Cir. 1998). Mr. Merrival has not made either showing. "A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993). Because Mr. Merrival has not yet presented his claims of constitutional violations to the South Dakota circuit court and then to the South Dakota Supreme Court, his federal habeas petition is premature. Dismissal without prejudice is appropriate when a prisoner has failed to exhaust his state remedies. Carmichael, 163 F.3d at 146.

**C.     One Year Statute Of Limitations**

Mr. Merrival is also advised of the one year limitation period which

applies to § 2254 habeas corpus applications:

> **(d)     (1)** A 1-year period of limitation shall apply to an application
> for writ of habeas corpus by a person in custody pursuant to the
> judgment of a State court.  The limitation period shall run from the
> latest of—
>> **(A)** the date on which the judgment became final by
>> the conclusion of direct review or the expiration of the
>> time for seeking such review;
>> **(B)** the date on which the impediment to filing an
>> application created by State action in violation the
>> Constitution or laws of the United States is removed, if
>> the applicant  was prevented from filing by such State
>> action;
>> **(C)** the date on which the constitutional right asserted
>> was initially recognized by the Supreme Court, if the
>> right has been newly recognized by the Supreme Court
>> and made retroactively applicable to cases on
>> collateral review;
>> **(D)** the date on which the factual predicate of the claim
>> or claims presented could have been discovered
>> through the exercise of due diligence.
>
> **(2)**    The time during which a properly filed application for
> State post-conviction or other collateral review with respect to the
> pertinent judgment or claim is pending shall not be counted
> toward any period of limitation under this subsection.

See, 28 U.S.C. § 2244(d)(1) and (2).

A judgment or state conviction is final, for purposes of commencing the

statute of limitation period, at "(1) either the conclusion of all direct criminal

appeals in the state system, followed by either the completion or denial of

certiorari proceedings before the United States Supreme Court; or (2) if

certiorari was not sought, then by the conclusion of all direct criminal appeals

in the state system followed by the expiration of the time allotted for filing a

petition for the writ."  Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998).

The time allotted for filing a petition for writ of certiorari with the Supreme Court is ninety days.  Jihad v. Hvass, 267 F.3d 803, 804 (8th Cir. 2001).

The statute of limitation for § 2254 petitions is subject to tolling.  See, 28 U.S.C. § 2244(d)(2).  This one-year statute of limitation period is tolled, or does not include, the time during which a properly filed application for state post-conviction relief or other collateral review is pending in state court.  Faulks v. Weber, 459 F.3d 871, 873 (8th Cir. 2006); 28 U.S.C. § 2244(d)(2).  The phrase "post-conviction or other collateral review" in § 2254's tolling provision encompasses the "diverse terminology that different States employ to represent the different forms of collateral review that are available after a conviction."  Duncan v. Walker, 533 U.S. 167, 177 (2001).  Thus, § 2254's tolling provision "applies to all types of state collateral review available after a conviction."  Id.

State collateral or post-conviction proceedings "are 'pending' for the period between the trial court's denial of the [post-conviction relief] and the timely filing of an appeal from it."  Maghee v. Ault, 410 F.3d 473, 475 (8th Cir. 2005) (citing Peterson v. Gammon, 200 F.3d 1202, 1203 (8th Cir. 2000)); see also, Johnson v. Kemna, 451 F.3d 938, 939 (8th Cir. 2006) (an application for state post-conviction review is pending until a mandate is issued).  However, state proceedings are not pending for the ninety-day period "following the final denial of state post-conviction relief, the period during which an unsuccessful state court petitioner may seek a writ of certiorari from the United States Supreme Court."  Jihad, 267 F.3d at 805.  Additionally, "[s]tate proceedings are not pending during the time between the end of direct review and the date an

6

application for state [post-conviction relief] is filed." <u>Maghee,</u> 410 F.3d at 475 (citing <u>Painter v. Iowa</u>, 247 F.3d 1255, 1256 (8th Cir. 2001)).  In short, the one-year statute of limitations begins to run after the state conviction is final, is tolled while state habeas proceedings are pending, and then begins running again when state habeas proceedings become final.  <u>Curtiss v. Mount Pleasant Corr. Facility,</u> 338 F.3d 851, 853 (8th Cir. 2003).

## CONCLUSION

Based on the foregoing law and analysis, it is recommended that the § 2254 Application for Writ of Habeas Corpus (Docket 9) filed by Mr. Merrival should be DISMISSED *without prejudice* so that he may exhaust his claims in state court first.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.  <u>Thompson v. Nix</u>, 897 F.2d 356 (8th Cir. 1990); <u>Nash v. Black</u>, 781 F.2d 665 (8th Cir. 1986).

DATED this 17th day of April, 2017.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge