UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| MICHEAL LYNN MERRIVAL, JR.,<br><br>              Petitioner,<br><br>  vs.<br><br>ROBERT DOOLEY, WARDEN; AND MARTY JACKLEY, ATTORNEY GENERAL,<br><br>              Respondents. | CIV. 17-5026-JLV<br><br>ORDER |

## INTRODUCTION

Petitioner Micheal Merrival, Jr., while an inmate at the Pennington County Jail in Rapid City, South Dakota, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dockets 1 & 9). The matter was referred to United States Magistrate Judge Veronica L. Duffy under 28 U.S.C. § 636(b)(1)(B). On April 17, 2017, Judge Duffy issued a report recommending the court dismiss Mr. Merrival's habeas petition without prejudice. (Docket 10 at p. 7). Mr. Merrival timely filed his objections. (Docket 12).

The court reviews *de novo* those portions of the report and recommendation which are the subject of objections. Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990); 28 U.S.C. § 636(b)(1). The court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Mr. Merrival's objections are overruled and the report and recommendation is adopted in full.

# PETITIONER'S OBJECTIONS

Mr. Merrival's objections to the report and recommendation are as follows:

1. Special circumstances of Mr. Merrival's case waive the exhaustion requirement.

2. Mr. Merrival's attempt to exhaust the state remedies was obstructed by the state court.

(Docket 13). Each objection will be separate analyzed.

1. SPECIAL CIRCUMSTANCES OF MR. MERRIVAL'S CASE WAIVE THE EXHAUSTION REQUIREMENT.

Mr. Merrival entered guilty pleas to two separate counts of grand theft in South Dakota state court. Judgments were filed on January 26, 2016, indicating Mr. Merrival was sentenced to 10 years' imprisonment in case number 13-859 and 5 years' imprisonment in case number 14-3448. (Dockets 9-8 and 9-9). Mr. Merrival filed direct appeals of both convictions. On January 17, 2017, the South Dakota Supreme Court affirmed both convictions. (Docket 2-1 at pp. 2-3). Mr. Merrival did not file a state habeas petition. (Docket 9 at p. 2). Mr. Merrival filed a § 2254 petition on April 10, 2017. (Docket 1).

Magistrate Judge Duffy found petitioner failed to meet the exhaustion requirement of § 2254. (Docket 10 at p. 4). Petitioner objects to that conclusion. (Docket 13).

Under the Anti-Terrorism and Effective Death Penalty Act, federal habeas review of state court convictions is limited to claims the petitioner previously presented to the state courts for consideration:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

> (A) the applicant has exhausted the remedies available in the courts of the state; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant. . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b) and (c).

"The foundation for the exhaustion rule is that the states retain primary responsibility under the United States Constitution for the legality of their exercise of police power." Hawkins v. Higgins, 898 F.2d 1365, 1367 (8th Cir. 1990). "Accordingly, state courts have the first opportunity and responsibility to determine whether a particular exercise of police power is constitutional or unconstitutional." Id.

"[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). This requires Mr. Merrival to file a habeas petition with the state circuit court and then also afford the South Dakota Supreme Court an opportunity to rule on the merits of the circuit court's decision by timely seeking review before that court. Id., 526 U.S. at 845; see also SDCL § 21-27-18.1.

The United States Court of Appeals for the Eighth Circuit "recognize[s] the futility of requiring a habeas petitioner to exhaust state remedies when the state

3

court has recently decided the same legal question adversely to the petitioner under nearly identical facts." Padavich v. Thalacker, 162 F.3d 521, 522 (8th Cir. 1998) (citation omitted). "If there is no state remedy, a prisoner may go directly to federal court for protection of his constitutional rights." Exhaustion of State Remedies—The Background—What Exhaustion Requires, 17B Fed. Prac. & Proc. Juris. § 4264.1 (3d ed).

Petitioner claims special circumstances exist which waive the requirement of state habeas exhaustion. (Docket 13 at pp. 4-7). Those include: a serious health condition at the time of his guilty plea; the state court judge's refusal to permit Mr. Merrival to withdraw his guilty plea; the state court sentenced Mr. Merrival to the statutory maximum sentence of 10 years without hearing him out on a due process claim; and the Pennington County Public Defender Office should not have handled the direct appeal. Id.

Mr. Merrival's claims do not rise to the level of special circumstances which warrant waiver of exhaustion. Carmichael v. White, 163 F.3d 1044, 1045 (8th Cir. 1998). Mr. Merrival's first objection is overruled.

2. MR. MERRIVAL'S ATTEMPT TO EXHAUST THE STATE REMEDIES WAS OBSTRUCTED BY THE STATE COURT.

Mr. Merrival claims the Seventh Judicial Circuit Court forced him to file the direct appeal and that this constituted an obstruction of his right to due process. (Docket 13 at p. 8). Requiring a party to complete a direct appeal before initiating a state habeas proceeding is not an obstruction of a petitioner's right to file a state habeas petition. Mr. Merrival's second objection is overruled.

4

**ORDER**

The court finds the report and recommendation is an accurate and thorough recitation of the facts and applicable law. The court further finds Judge Duffy's legal analysis is well-reasoned. Having carefully reviewed the record in this case and good cause appearing, it is

ORDERED that Mr. Merrival's objections (Docket 12) to the report and recommendation are overruled.

IT IS FURTHER ORDERED that the report and recommendation (Docket 10) is adopted in full.

IT IS FURTHER ORDERED that the petition (Dockets 1 & 9) is dismissed without prejudice.

IT IS FURTHER ORDERED that Mr. Merrival's remaining motions (Dockets 3, 6 & 16) are denied as moot.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 2253(c) and Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the court declines to issue a certificate of appealability.

Although the court declines to issue a certificate of appealability, Mr. Merrival may timely seek a certificate of appealability from the United States Court of Appeals for the Eighth Circuit under Fed. R. App. P. 22. See Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Fed. R. App. P. 22.

Dated September 12, 2017.

BY THE COURT:
/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE